UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW DOWLER,                                            CASE NO.:

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW DOWLER ("Mr. Dowler" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from GEICO GENERAL INSURANCE COMPANY ("GEICO" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. Defendant is a foreign profit corporation that is located and does business in Polk County, Florida, and is therefore within the jurisdiction of this Court.

3. Plaintiff worked for Defendant in Polk County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

4. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

5. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

6. Plaintiff worked for Defendant, most recently as a Procedures Analyst from February 12, 2001, until his unlawful and discriminatory termination on February 25, 2019.

7. During his lengthy tenure, Plaintiff was a reliable and productive employee with no significant history of disciplinary or attendance issues.

8. On February 11, 2019, Mr. Dowler was involved in a serious motor vehicle accident which totaled his vehicle and required first responders to pry him out of the back window of his car.

9. As a result of this accident, Mr. Dowler suffered severe injuries, including a serious concussion, resulting in immediate cognitive and coordination problems.

10. Plaintiff's concussion was extremely debilitating and necessitated further doctor's appointments, thus qualifying it as a serious health condition under the FMLA.

11. While in a hazy, non-cognitive stupor, Plaintiff conscientiously attempted to inform Defendant's Supervisor, Tiffany Vilches, that he would not be able to make it to work that day because he had been in a serious automotive accident and needed emergency medical attention.

12. Unfortunately, in his confused and out-of-sorts mental state, Plaintiff could not see very well, and could not control his hand movements properly.

13. Plaintiff consequently and regrettably forwarded to Ms. Vilches and obscene nude picture that someone else had recently forwarded to him.

14. Ms. Vilches is, and was at the time, aware that Plaintiff is gay, and is further aware that Mr. Dowler had no prior history of inappropriateness, especially towards her.

15. Indeed, Mr. Dowler was so out of sorts mentally and physically due to the accident and his serious health condition that it took him a day or two to realize that he had accidentally forwarded the objectionable picture to Ms. Vilches.

16. Despite knowing that Mr. Dowler is gay and that there was therefore no question of him attempting to "woo" or harass her in any way via sending her the nude picture, Ms. Vilches evidently reported the picture incident to Defendant's higher-ups immediately.

17. Within a day or two of his accident and hospitalization, Mr. Dowler applied for a period of continuous paid leave pursuant to the FMLA in order to treat and address his serious health condition.

18. Less than two (2) weeks later, on February 25, 2019, Defendant's Manager, Carmen Smith, and Defendant's Human Resources Representative Ann Marie LoCasio, informed Mr. Dowler that Defendant had allegedly undertaken a purported disciplinary investigation relating to the picture incident described above, and had taken the decision to terminate Plaintiff's almost twenty (20) year tenure at GEICO.

19. GEICO's explanation for Mr. Dowler's termination is a clear pretext, designed to cover up FMLA interference and retaliation.

20. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

21. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

22. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his request to take protected FMLA leave.

23. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

24. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

25. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. At all times relevant hereto, Plaintiff was protected by the FMLA.

28. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

29. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights during the certification stage.

30. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

35. At all times relevant hereto, Defendant retaliated against Plaintiff by issuing terminating his employment for applying for FMLA leave and for attempting to utilize what should have been FMLA-protected leave.

36. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

37. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 28th day of October, 2020.

> Respectfully Submitted,
>
> **/s/ Noah E. Storch**
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR. 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: **noah@floridaovertimelawyer.com**
>
> *Attorneys for Plaintiff*